DOUGLAS LIMBRICK v. THE STATE.

No. 13791. Delivered February 25, 1931.
Rehearing Denied April 1, 1931.

The opinion states the case.

*Adams & Hamilton,* of Jasper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of hogs; the punishment, confinement in the penitentiary for two years.

Appellant, a negro, lived near Will Williams, the owner of the alleged stolen hogs. It is fairly inferable from the record that the hogs of the various members of that community were well known to the neighbors. Williams' hogs were marked crop and under and over bit in the left ear and two splits in the right. "Two big black barrows" belonging to Williams disappeared shortly before the 28th of December, 1929. These hogs ran on the range with six shoats and a sow. The sow and six shoats were later found by Williams on their accustomed range, but the two black barrows had completely disappeared. The lost hogs were about two years old, were black, weighed about 200 pounds, and were in Williams' mark. About the same time the hogs disappeared there was found in appellant's smokehouse two butchered hogs weighing about 200 pounds each. The heads were gone, but the hair on the legs showed that the hogs were black. Near the house was a pile of black hog hair which had been partly burned. Several witnesses for the State testified that if appellant had any hogs on the range they had never seen them. Two days after he lost his hogs Williams instituted a search which led

him to some tracks. Touching his investigation, the witness testified, in substance as follows: Coming to a "drain" he found the tracks of two large hogs, a sow and six shoats, as well as the tracks of some dogs. Following these tracks he found some blood and shotgun shells. From this point it appeared that something had been dragged through the snow and placed on a "slide". Following the tracks of the "slide" and of a mule the witness came to appellant's house. There he observed the black hog hair, above referred to, and also evidence of hogs having been cleaned near the house. Engaging in conversation with appellant, the witness made some inquiry concerning his lost hogs. Appellant stated to him that if anybody had killed the hogs they had not been brought to his house. Voicing his desire to see the heads of the hogs, the injured party was told by appellant that he would let him see them if he had a search warrant. Leaving appellant's home, the witness got the sheriff and returned for the purpose of looking into appellant's smokehouse. There he and the sheriff found two butchered hogs weighing about 200 pounds each, with a little black hair on the feet. The heads were gone and were never produced by appellant. Mark Dyerley, a neighbor of appellant, testified for the State, in substance, that shortly before December 28, 1929, he saw appellant's boys with some dogs driving two big black hogs belonging to Williams, the injured party; that these hogs were black and weighed about 200 pounds each; that after the boys and dogs had driven the hogs out of his sight he heard a gun shot about a half mile away. The witness did not testify as to whether the boys had a gun at the time he saw them. He said that appellant was not with them. However, his statement did not negative the idea that appellant was at the point where the gun was fired. Another witness for the State testified to having seen appellant and his boys cleaning two large black hogs weighing about 200 pounds each. This witness said he did not notice the marks.

One of appellant's boys, who was 15 years of age, testified that he and his brother went on the range at the instance of their father to hunt their father's hogs; that their dogs got after some of the injured party's hogs, but that they did not kill any of them, as they were advised by State's witness Dyerley that the hogs belonged to the injured party; that thereafter they found two of their father's hogs and killed them; that their father was not with them at the time they killed the hogs; that they borrowed a "slide" and took the hogs to their father's house, where he helped clean them. Appellant testified, in substance, that he was away from home on the occasion his boys killed some hogs; that prior to leaving home he had told his boys to go on the range and hunt for his hogs; that when he returned from town the boys had already killed two hogs and had brought them home; that he carefully examined them and determined that they belonged to him before cleaning them; that his wife had already cooked their heads when Williams asked him about his lost

hogs; that he did not decline to let Williams see the meat in the smoke-house. Appellant's wife gave substantially the same testimony.

Appellant contends that the evidence is insufficient to connect him with the original taking of the hogs. The court gave a charge covering the law of circumstantial evidence. The sufficiency of the circumstances in the first instance is a question for the jury. The duty of this court in its reviewing capacity is to determine whether there be any evidence in the record upon which the verdict might have foundation. Bradford v. State, 88 Texas Crim. Rep., 122, 224 S. W., 901. All of the circumstances taken together are, in our opinion, sufficient to support the conviction.

Appellant filed his motion to quash the indictment on the ground that it was not alleged that the hogs were fraudulently taken. The word "fraudulently" was misspelled in the indictment, the pleader having spelled it "fraudently". It is the rule that "bad spelling of the word 'fraudulent' will not vitiate an otherwise good indictment for theft if the sense is not affected and the meaning cannot be mistaken." Branch's Annotated Penal Code, Sec. 2425; State v. Earp, 41 Texas, 487; St. Louis v. State (Texas Crim. App.), 59 S. W., 889.

Bill of exception No. 3 relates to appellant's objection to the testimony of the injured party and of the sheriff touching the result of the search of appellant's smokehouse. It is merely stated in the bill, as a ground of objection, that the sheriff had no search warrant. The bill is insufficient. A mere statement of a ground of objection in a bill of exception is not a certificate on the part of the trial judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Buchanan v. State, 107 Texas Crim. Rep., 559, 298 S. W., 569. It may be added that appellant took the witness stand and testified to the fact that the slaughtered hogs found by the officer were in the smokehouse. Having testified to substantially the same facts embraced in the testimony of the officer touching the result of the search, appellant is in no position to assert that the reception of said testimony, if error, was harmful. Jones v. State, 115 Texas Crim. Rep., 543, 27 S. W. (2d) 180.

A careful examination of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—A reconsideration of the record in the light of the appellant's motion for rehearing leaves the court of the opinion that on the original hearing the proper disposition was made of the appeal.

The motion is overruled.

*Overruled.*