### JESSE JAMES v. THE STATE.

No. 19320.   Delivered January 19, 1938.
Rehearing denied February 23, 1938.

The opinion states the case.

*Schlesinger, Schlesinger & Goodstein,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for receiving and concealing stolen property, punishment being two years in the penitentiary.

No statement of facts is brought forward. It is impossible to appraise the relevancy of the refused special charges or the objections to the court's instructions in the absence of the evidence.

We discover no vice in the count of the indictment under which appellant was convicted.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In the count of the indictment under which appellant was convicted the word "fraudulently" was misspelled, it being alleged that appellant *fraudelently* received and concealed the alleged stolen property. Appellant's motion to quash the indictment reads, in part, as follows: "And for the further reason that said second count is fatally defective in that same contains words which have no meaning and which render said indictment, and especially the second count thereof, so vague, indefinite and uncertain that it is not possible to determine the offense sought to be charged against defendant." In his motion for rehearing appellant insists that there is no sufficient averment that he fraudulently received the alleged stolen property, his position being that the misspelling of the word "fraudulently" vitiates the indictment. In Limbrick v. State, 36 S. W. (2d) 1026, we had under consideration the sufficiency of an indictment charging theft of hogs. In that case the word "fraudulently" was misspelled in the indictment, the pleader having spelled it "fraudently." We upheld the indictment. It is the rule that "bad spelling of the word 'fraudu-

lently' will not vitiate an otherwise good indictment or information for theft if the sense is not affected and the meaning can not be mistaken." Branch's Ann. P. C., Sec. 2425; State v. Earp, 41 Texas 487. We are constrained to overrule appellant's contention.

Appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.