ARNOLD CHAMBLESS V. THE STATE.

No. 22881. Delivered June 7, 1944.

The opinion states the case.

*J. Walter Friberg,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for selling whisky in a dry area, punishment assessed at a fine of $250.00 and 60 days in jail.

A recital of the facts is not necessary. The appellant did not testify.

Our State's Attorney confesses error on the complaint that the jury discussed and considered the failure of appellant to testify. We agree with him in his conclusion. See Art. 710 C. C. P.; Harrell v. State, 118 Tex. Cr. R. 279, 42 S. W. (2d) 438.

We are also of opinion that bill of exception number four presents reversible error. Two State's witnesses testified to the sale by appellant of the whisky. No other parties were present. The County Attorney in his argument said there was no "word of testimony to deny that this sale was made" just as State witnesses had testified. No one could have denied it save appellant. This was an indirect reference to the failure of appellant to testify. Scarbrough v. State, 98 Tex. Cr. R. 54, 263 S. W. 917; Wood v. State, 116 Tex. Cr. R. 336, 28 S. W. (2d) 130. We quote from Gothard v. State, 99 Tex. Cr. R. 452, 270 S. W. 177:

" * * * where a defendant has not testified himself nor offered any defensive testimony whatever it would be well for counsel representing the state to confine himself to a discussion of the evidence introduced by the state, and not allude to defendant's failure to produce evidence, unless it is apparent from the record that evidence other than his own was available which he neglected to bring before the jury."

The judgment is reversed and the cause remanded.