ARTURO MARTINEZ V. STATE.

No. 25563. December 12, 1951.
Rehearing Denied February 13, 1952.
Appellant's Second Motion for Rehearing Denied March 12, 1952.

92

Hon. Harry M. Carroll, Judge Presiding.

*Hector de Pena* and *Thurman Lee Mulhollan,* by *Hector de Pena,* Corpus Christi, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of a narcotic drug; the punishment, 10 years in the penitentiary.

Appellant and a female companion, who appeared to be drunk, were followed by two police officers of Corpus Christi and were seen to enter a "flop house."

Upon entering the building, the officers were directed to the room assigned to appellant and his companion, and through cracks in the door they saw them undress and engage in an act of sexual intercourse. Appellant was seen to remove some object from his pocket and place it under his pillow.

The officers then knocked and after informing appellant that they were officers, entered the room at the invitation of appellant, arrested both the occupants, and found, under the pillow, three marijuana cigarettes.

The bills of exception relied on for reversal complain of the search and the fruits thereof, the complaint being that the search was unlawful.

In Limbrick v. State, 117 Tex. Cr. R. 579, 36 SW(2) 1026, this court, speaking through Judge Christian, said:

"Bill of exception No. 3 relates to appellant's objection to the testimony of the injured party and of the sheriff touching the result of the search of appellant's smokehouse. It is merely stated in the bill, as a ground of objection, that the sheriff had no search warrant. The bill is insufficient. A mere statement of a ground of objection in a bill of exception is not a certificate on the part of the trial judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. * * *"

The bills here are deficient for a like reason; there is no certification by the trial judge that the arrest was not authorized without warrant, nor is it shown that the officers did not have a search warrant authorizing the search. These are merely stated in the bill as a part of the objection.

Further, as in the Limbrick case, the results of the search are in evidence from another source.

Appellant's confession was properly admitted in evidence wherein he confessed that he had acquired a pound of marijuana in Mexico which he had rolled into 300 cigarettes, three of which were those found by the officers under his pillow.

The bills show no reversible error, and the evidence is sufficient to sustain the conviction.

In pronouncing sentence, the trial court failed to apply the indeterminate sentence law.

The sentence is reformed so as to read not less than 2 years nor more than 10 years in the penitentiary.

As so reformed, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant complains that our original disposition hereof deprived him of a consideration of his bills of exception as authorized by Article 759(a), C. C. P. (Acts 1951, 52nd Legislature, p. 819, ch. 465).

The statement of facts filed by appellant and agreed to by his counsel contains no index to the bills of exception incorporated therein. Recently, in Greenwood v. State, No. 25,637, (page 58, this volume), 246 S. W. (2d) 191, in commenting on the mandatory effect of Section 3 of said Act, we said:

"If appellant desired to rely upon the exceptions contained in the statement of facts, it was incumbent upon him to see that the same had as a part thereof an index to the exceptions relied upon before he filed it."

Absent such an index, our consideration is limited to the formal bills presented. These, we discussed in our original opinion.

Appellant now contends that Limbrick v. State, 117 Texas Cr. R. 578, 36 S. W. (2d) 1026, cited in our original opinion, should not be controlling herein, because in that case Limbrick took the stand and testified to substantially the same facts embraced in the testimony of the officer, while in the case at bar the appellant did not testify. We do not think the fact that the defendant testified was controlling in the Limbrick case. We find the same rule often expressed by this court, as will be seen from the cases cited in Texas Digest, Crim. Law 1091(10) i, *Certificate establishing grounds of objection.* This court recently held bills setting forth only the objections made to be deficient. Garza v. State, No. 25,510, (Page 6, this Volume), 246 S. W. (2d) 635.

Appellant raises the question for the first time that he was sentenced and notice of appeal was perfected after the expiration of the term of court in which he was tried.

Appellant cites us Hinman v. State, 54 Tex. Cr. R. 434, 113 S. W. 280, and Robinson v. State, 54 Tex. Cr. R. 559, 113 S. W. 763, as authority for the assertion that the trial court was without power to sentence appellant. The Hinman case held that where appeal had been perfected to this court, the trial court was without authority to sentence appellant while such appeal was pending. It will be noted that the court in that case instructed the trial court to enter proper sentence at the next term. This was done by virtue of the authority of Article 837, C. C. P., 1895, which is now Article 772, and which reads as follows:

"If there is a failure from any cause whatever to enter judgment and pronounce sentence during the term, the judgment may be entered and sentence pronounced at any succeeding term of the court, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken."

Remaining convinced that we properly decided the cause originally, the appellant's motion for rehearing is overruled.

ON APPELLANT'S SECOND MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant contends now that this court is without jurisdiction of this appeal because notice of appeal was entered before the passage of sentence, and that the sentence appearing in this record, as well as notice of appeal from that sentence, was entered at a term subsequent to the trial and conviction and after notice of appeal had been given to this court.

Appellant moves to dismiss the appeal.

The notice of appeal upon which appellant relies to sustain his contention is shown only as a docket entry upon the trial court's docket; it is not shown as having been entered of record in the minutes of the court.

We have repeatedly held that a valid notice of appeal must be entered of record and that a docket entry is not sufficient.

Appellant's second motion for rehearing is overruled.

Opinion approved by the court.