## FLOYD GREENWOOD V. STATE.

No. 25637. January 16, 1952.
Appellant's Motion for Rehearing Denied (Without Written Opinion)
February 27, 1952.

Hon. Walter S. Pope, Jr., Judge Presiding.

*Archer, Bryant and Overshiner,* by *A. R. Archer, Jr.,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault; the punishment, six months in jail and a fine of $100.00.

No question is raised as to the sufficiency of the evidence to support the conviction, and therefore a recitation of the facts will not be required.

The statement of facts is before us in question and answer form. We fail to find as a part thereof any index of bills of exception. Under the terms of Article 759(a), Vernon's Ann. C. C. P., exceptions reserved to the ruling of the court in the admission or rejection of evidence may be presented to this court by the question and answer statement of facts reflecting the evidence, objection, ruling and exception reserved, or the defendant may prepare and file formal bills of exception. Section 3 of Article 759(a), C. C. P. (Acts 1951, 52nd Leg., p. 819, ch. 465), provides:

"The court reporter, in a statement of facts in question and answer form, shall prepare as a part thereof an index to the bills of exception contained in such statement of facts."

The statement of facts filed by appellant and agreed to by his counsel contains no index to bills of exception incorporated therein, as required by Section 3 above. If appellant desired to rely upon the exceptions contained in the statement of facts, it was incumbent upon him to see that the same had as a part thereof an index to the exceptions relied upon before he filed it. Having approved the same without the requirements of Section 3 having been met, appellant thereby waived the bills of exception therein contained, and they will not be discussed.

Under the terms of Article 760(e), Vernon's C. C. P., we now proceed to consider the jury misconduct alleged in the amended motion for new trial and the statement of facts on the hearing.

Four jurors were examined at the hearing, one was called by appellant and three by the state. The juror offered by appel-

lant testified that, after they had voted and found appellant guilty but before they had voted on the penalty, a member of the jury brought up the fact that there was another charge pending against appellant; that the foreman immediately stated that it was not to be considered by the jury, and there was no more discussion thereof.

It will be seen from the testimony of the foreman that he remembered that there had been testimony brought out in the trial about another charge against appellant having been presented to the grand jury, and the grand jury had failed to indict appellant; that an objection had been made at the time such testimony was offered, and such objection had been sustained by the court.

We do not find in the statement of facts on the trial itself that the ruling of the court related by the foreman actually occurred in the jury's presence.

Be that as it may, we hold this to have been no more than a casual reference to other charges not culminating in an indictment against appellant, which, according to all the jurors who testified, was not discussed at all because of the prompt action of the foreman. The record fails to show how the jurors stood before the remark was made or that any of them changed their stand on the question of punishment after hearing the remark.

In 42 Tex. Juris., page 408, we find the following: "For example, a new trial will not be granted nor will a judgment be reversed for a mere casual mention of an improper matter in the jury room."

Recently, in Deets v. State, 154 Tex. Cr. R. 275, 226 S. W. (2d) 853, we said:

"The claimed misconduct of the jury consisted of a casual remark by one of the jurors while deliberating upon the amount of punishment, as to whether the appellant had ever been in the penitentiary, and if so, was that the probable reason for his failure to take the stand. It is shown that the foreman of the jury, as well as other jurors, immediately said that they were not to consider that, and the court's charge was referred to as saying such; that no further conversation thereon was had and no consideration given to such statement."

The trial court properly overruled the motion for new trial.

The judgment is affirmed.