H. R. Driggs v. State.

No. 25631. January 16, 1952.

Hon. W. C. Dowdy, Judge Presiding.

*Jack Nossaman,* Sherman, for appellant.

*Murray H. Nance, Jr.,* County Attorney, Sherman, *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of five years in the penitentiary upon his conviction for assault with intent to murder.

The statement of facts in this case, in question and answer form, consists of 372 pages with an additional 127 pages taken on his motion for a new trial. The statement of facts prepared by the reporter does not contain an index of the bills of exception taken, as provided for by Article 759a, Sec. 3, Vernon's Ann. C.C.P., Acts of 52nd Legislature, Chapter 465, p. 819. For this reason we are not required to consider any questions of admission of evidence in the trial of the case except such as come to us by formal bills. See Floyd Greenwood v. State, 246 S. W. (2d) 191.

The chief question presented for reversal of this case complains of the misconduct of the jury, which is brought to us in appellant's Bill of Exception No. 1. This bill is in compliance with the requirements sets forth in Article 760-e, Vernon's Ann. C.C.P.

The complaint is that the jury, after having retired to deliberate on their verdict, received other testimony from a juror who said that the defendant was a bootlegger and hoodlum in the town of Denison. The jurors were summoned on the hearing and three of them testified directly that a member of the jury, in discussing the matter with fellow jurors in the room,

while the matter was being generally discussed but before a foreman was selected, told them that the defendant was a bootlegger and a hoodlum in the town of Denison. Other jurors placed on the witness stand by the state said they did not hear such statement, though some of them did remember hearing the word "bootlegger" used. Their testimony to that extent verifies the evidence of the three jurors. All jurors were cross-examined carefully and each admitted that he was not in position to say that it did not occur. The court examined most of these jurors and the record was closed with the fact well established that someone made the charge, even though it was not heard by all. There was no denial and no issue of fact for the court to decide. We cannot speculate as to the injury resulting from such statement. The motion for new trial should have been granted.

For the failure of the court to do so, the judgment of the trial court is now reversed and the cause remanded.