## J. M. TUCKER V. STATE.

No. 25688. February 13, 1952.
Rehearing Denied April 2, 1952.
Appellant's Second Motion for Rehearing Denied (Without
Written Opinion) April 30, 1952.

Hon. Louis B. Reed, Judge Presiding.

*Dell and Perry Barber*, by *Perry O. Barber*, Colorado City, for appellant.

*Karl Cayton*, District Attorney, Lamesa, and *George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of an assault with intent to rape and given a term of ten years in the state penitentiary, and he appeals from a judgment based thereon.

Operating under the new statute, Acts of 52nd Legislature, Regular Session Chapter 465, p. 819, appellant presents a statement of facts in question and answer form as provided by such statute. The statement of facts is rather voluminous, containing some 176 pages, which have been carefully read, and we find therein the basis of many bills of exception. We also find that the person who prepared the statement of facts in question and answer form has failed to prepare as a part thereof an index of

the bills of exception contained in such statement, as prescribed by Section 3 on page 820 of the Acts of the Legislature mentioned.

We recently held in the cases of Garza v. State, No. 25,613 (Page 6, this volume) and Greenwood v. State, No. 25,637, (Page 58, this volume) that we would not search the entire statement of facts in order to find the bills of exception. The appellant not having seen fit to present separate bills of exception, as he had a right to do, we cannot consider any ruling complained of to which an exception was taken.

The facts herein show little distinction between the statement made by the prosecuting witness and the one made by the appellant. The appellant admits that he struck the complaining witness, a female, and it affects his guilt insofar as the assault is concerned. He contends, however, that the facts are insufficient to show that she was resisting him to her utmost, and claims that she invited a certain amount of familiarity upon her part. The facts show that she had been assaulted by some one. Her body was bruised, and she resisted sufficiently to be finally relieved of his attentions without his purpose having been accomplished. It is his contention that as soon as he found out that she was not inclined to submit to him and was a Christian person, he then desisted of his own accord. As to an outcry, the facts show that she made no complaint immediately upon the arrival of her husband at their home about 5:30 o'clock in the afternoon, but she did at such time tell him that a prowler had tried to enter the house and she seemed to be highly nervous at the time. She told her husband the next morning what had occurred, her excuse for such delay being that she feared her husband would try to kill the appellant. The testimony shows that her fears were well grounded for he did shoot at the appellant on that morning as soon as he located him, and came very near killing another person by mistake, thinking such person was the one who had assaulted his wife. We think her failure to make instant outcry was based on good reason. According to the defendant's own testimony, he committed some kind of an assault upon this lady. However, it is his further contention that he abandoned the assault and had gone away voluntarily because he had ascertained that she was a Christian. These matters were submitted to the jury under a proper charge.

Appellant has one bill of exception in the record and that is to the failure of the court to grant him a continuance in order

to show by certain witnesses, James C. Williams, Jr. and Steve Teague, that he was having some kind of "an affair" with the prosecutrix and that they had seen him on three or four occasions at her home.

It is shown that appellant and James C. Williams, Jr., were trying to sell an airplane to the husband of the prosecutrix and had been to his home on such errand once or twice before. It is claimed in the motion for a continuance that these two parties, Williams and Teague, would testify that they thought appellant was having "an affair" with this lady. This seems to have been a second motion for a continuance for the purpose of obtaining the testimony of these same two witnesses. The testimony shows that at least one of these witnesses was present at one time in court and it further shows that they were both transient persons, moving from place to place, oftentimes leaving no forwarding address. The testimony of James C. Williams, Jr., is found in the record and shows that he would not have testified as was claimed by appellant in his motion for a continuance. The testimony of neither Williams nor Teague would bear out the allegations in any manner as set forth in appellant's motion for a continuance that appellant was having "an affair" with this complaining witness. The witness Teague was never found, and the motion for a continuance merely alleges that they expected to show by Steve Teague that appellant had been to the home of the prosecuting witness, and that is as far as it goes, except as to his general opinion as to "an affair" being present. Appellant claims that Steve Teague had been with him and sat in the car outside the house while he went in and stayed at the home of the prosecuting witness, but the testimony does not show any kind of "an affair" between the two of them. In the first place, the testimony expected to be proven by these two witnesses was not sufficient to show any degree of misconduct on the part of the prosecuting witness. In the next place, the fact that appellant entered the Harden home while these witnesses sat in the car on the outside would have no bearing upon the issue in this case, since such visits were at other and different times from the one complained of in the indictment herein. If the court had granted the second continuance as requested by the appellant, we do not think the testimony would have been admissible; and even if it had been admitted, it could have had no weight in determining with what motive the appellant acted when he struck the lady in the face, when he grabbed her by the hair and threw her on the couch, and when he bruised her body about her privates as well as leaving other

bruises thereon. The mere fact that he abandoned, according to his own statement, his intent to have sexual intercourse with the lady, would not be effective if he initiated his attack upon her with the purpose charged in the indictment. See 35 Tex. Jur. p. 803, sec. 18, and cases cited.

We think the motion for a continuance was properly over-ruled.

We think the jury was warranted in finding the intent with which this attack was made, which intent to have intercourse with this woman was evidenced by appellant's own statements during the struggle as shown by her testimony, and in concluding that appellant intended to have intercourse with the lady regardless of her consent at the time he initiated his attack upon her.

We also think the facts themselves are sufficient to show with what intent appellant struck this woman, threw her upon the bed, bruised her body and finally desisted in his attack upon her, which may have been caused by her vigorous resistance.

No error being shown, the judgment will therefore be affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant has filed a forceful motion for rehearing, to which he attaches affidavit of counsel on appeal, seeking to explain the absence of the index of his bills of exception in the statement of facts. We have been tendered controverting affidavits on the question. Though we accept as a fact all of the allegations in appellant's affidavit, under our decisions, we are precluded from consideration of the index now tendered by letter to this court. We have held that the statute (Section 3 of Article 759 (a), C. C. P.) placed the duty upon counsel to see that the statement of facts contained such an index before approving the same. The statement of facts before us bears the approval of counsel who represented appellant at the trial, and the same contains no index. We call attention of the bar to the fact that the statute in question does not prohibit counsel himself from preparing the index, in the event the reporter fails to do so, and making the same a part of the statement of facts before approval.

We have carefully studied the statement of facts and do not find ourselves in accord with counsel when he concludes that appellant did not receive a fair trial.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.