We have reconsidered the case in the light of the matters presented and are of the opinion that the correct conclusion was reached.

The motion for rehearing is overruled.

Opinion approved by the Court.

**KNIGHT v. STATE.**

No. 26051.

Court of Criminal Appeals of Texas.

Nov. 19, 1952.

On Rehearing Jan. 14, 1953.

W. E. Martin and James J. Shown, Houston, for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

BEAUCHAMP, Judge.

The prosecution is for the obtaining of goods and money by means of a check drawn on a bank in which the appellant did not have sufficient funds to pay the same. The penalty assessed is six months in jail. The judgment is on a jury verdict.

The record is before us without any valid bills of exception. The statement of facts is in question and answer form. It has listed on one of the front pages what it calls "objections." These are numbered from 1 to 6, inclusive. Following each number is a page number and a line number. It is assumed that the court reporter intended to substitute this for the index required by the statute directing the attention of this court to the bills of exception relied on for reversal of the case.

The first indexed "objection", found on page 3, line 16, is as follows: "Mr. Martin: We object; leading and suggestive." "The Court: Sustained." If it is intended that this objection shall constitute a bill of exception, it falls far short of doing so. All other "objections" may be treated in a similar manner.

The Acts of the 52nd Legislature, carried forward in Vernon's Ann.Code of Criminal Procedure as Article 759a, Section 3, provides for what has properly been designated informal bills of exception, reading as follows:

"Sec. 3. The court reporter, in a Statement of Facts in question and

answer form, shall prepare as a part thereof an index to the Bills of Exception contained in such Statement of Facts."

This Section seems to have attracted but little attention, as evidenced by the many records coming to this court in which the statement of facts prepared in question and answer form does not index the bills of exception in compliance therewith. Furthermore, objections made or exceptions stated seldom bring the question to this court for consideration because of the brief statement made. The reason for the objection intended to be made is too often not stated. We are constrained to recommend a careful reading of the foregoing Article, together with the many opinions of this court, before reliance is had · on a statement of facts which contains exceptions not indexed.

█ The court reporter, under the provisions of Section 3 above quoted, is charged with the duty of making the index but this does not relieve the attorney of the obligation to represent his client. If the attorney wants to rely on any given number of exceptions taken during the trial, he should direct the court reporter to index these. The effect of the statute is to place the court reporter at his command in the manner of preparing the index, just the same as the attorney has the right to require that any other provision of the law be complied with in the preparation of the statement of facts. If the attorney overlooks having the reporter to make this index he is just as much to blame for the failure as the court reporter, and cannot be heard to complain before this court. Greenwood v. State, Tex.Cr. App., 246 S.W.2d 191. He is bound by the statement of facts which he approves and causes to be filed and it cannot be corrected or supplemented on appeal. He has the privilege of relying on such exceptions taken during the trial as may be indexed and the better practice is for the attorney to direct the court reporter in the things he wants indexed, so as to not encumber the record with exceptions upon which he does not intend to rely for a reversal of his case. He has the privilege of preparing and presenting to the court formal bills, which he may do even though informal bills are found in the statement of facts and properly indexed.

█ The transcript in this case contains no formal bills of exception. The evidence is sufficient to support the jury verdict. The argument in the brief, attempting to raise a question about the complaint and information, comes too late, appearing for the first time in this court.

We find no reversible error and the judg· ment of the trial court is affirmed.

On Motion for Rehearing.

GRAVES, Presiding Judge.

█ Our attention is again called to the fact that the complaint and information in this cause fail to set forth that at the time of the giving of said check the appellant knew that she did not have sufficient funds in or on deposit with such bank for the payment of such check.

We find that Article 567b, Section 1, Vernon's Penal Code, provides that it shall be a violation of the law to give a check, draft, etc., for the payment of money, upon any bank, person, firm or corporation, "knowing at the time of such making, drawing, uttering or delivering, that the maker, or drawer, has not sufficient funds in, or on deposit with, such bank, person, firm or corporation, for the payment of such check," etc.

We find from a perusal of the complaint and information that nowhere therein is it charged that appellant had knowledge at the time of the drawing of said instrument that she did not have sufficient funds to pay the same. We think that the failure of such allegation in the complaint and information vitiates the same.

The motion for rehearing is granted, the order of affirmance is set aside, and the cause is now reversed and the prosecution ordered dismissed.