## M. L. BRISTOW V. STATE

No. 26,766. February 24, 1954
Rehearing Denied April 21, 1954
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) May 12, 1954

*M. D. Emerson,* Paris, and *Angelo Piranio,* Dallas (On Motion for Rehearing Only) for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of transporting whisky and of possessing whisky for the purpose of sale in a dry area, the two offenses being charged in separate counts of the information. The jury assessed a punishment of 6 months in jail and a fine of $300 for each offense and judgment for the respective fines and imprisonment was rendered.

We observe that the judgment does not attempt to cumulate the jail terms and therefore they may be served concurrently

and the judgment may be satisfied by appellant paying $600 in fines, and costs, and serving six months in jail.

A number of officers testified for the state. It is shown by their testimony that a search warrant had been issued for the search of appellant's home, and as the officers arrived, he was seen to back the car he was driving out of his driveway.

The officers stopped him about a half block away and searched him. He had a pint of whisky in his pocket which was seized by the officers and introduced in evidence.

Appellant, in answer to the officers' question, stated that he had more whisky at the house. A search of appellant's home resulted in the finding of eight pints of whisky. Lamar County, where the offense occurred, was shown to be a dry area.

Appellant did not testify.

The evidence supports the conviction under each count of the information.

There are no formal bills of exception and no informal bills are indexed in the statement of facts.

Conviction for transporting whisky was shown by direct evidence that appellant had whisky in his pocket when he was driving an automobile and was stopped by the officers.

The possession count was sustained by the finding of other whisky at appellant's home, the amount being sufficient to invoke the prima facie evidence statute that it was possessed for the purpose of sale.

A charge on circumstantial evidence was not called for under either count.

The legality of the search is not before us in the absence of a bill of exception. We observe, however, that the record contains the following statement of appellant or his counsel: "We have no objection to the search warrant because we expected it and think it has been legally issued."

The judgment is affirmed.

ON MOTION FOR REHEARING

BELCHER, Judge.

Appellant, in his motion for rehearing, insists that his objections to the admission of evidence shown in the statement of facts in question and answer form are properly preserved for review although not indexed therein and should be considered.

Section 3 of Article 759a, Vernon's Ann. C.C.P., Acts 1951, 52nd Leg., p. 819, Ch. 465, provides:

"Sec. 3. The court reporter, in a Statement of Facts in question and answer form, shall prepare as a part thereof an index to the Bills of Exception contained in such Statement of Facts."

The statement of facts filed herein was approved by appellant's counsel and it contains no index to bills of exception.

We see no reason to depart from the consistent holdings of this court since the enactment of Art. 759a, Vernon's Ann. C.C.P., to the effect that unless indexed, as required by Sec. 3 of said Art. 759a, informal bills of exception contained in the statement of facts in question and answer form are waived and need not be considered. Driggs v. State, 156 Texas Cr. R. 591, 245 S.W. 2d 244; Greenwood v. State, 157 Texas Cr. Rep. 58, 246 S.W. 2d 191; Martinez v. State, 157 Texas Cr. Rep. 91, 246 S.W. 2d 633; Tucker v. State, 157 Texas Cr. Rep. 259, 247 S.W. 2d 901; Knight v. State, 158 Texas Cr. Rep. 158, 254 S.W. 2d 113.

In the latter case, we suggested that the attorney for the appellant should direct the court reporter in the things he wants indexed so as not to encumber the record with exceptions upon which he does not rely.

Remaining convinced that we correctly decided this cause originally, the appellant's motion for rehearing is overruled.

Opinion approved by the Court.