ROBERT ARTHUR CHICK V. STATE

No. 27,469. March 23, 1955
Rehearing Denied (Without Written Opinion)
May 4, 1955

Appellant represented himself.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery; the punishment, life. The indictment charged that the appellant, acting with others and by placing one Searcy in fear, did take a certain automobile from Searcy.

Worden McAdams of the Ramsey State Farm, a unit of the Texas Prison System, testified that the appellant was an inmate of such system and under his supervision on the night in question and that, along with three other inmates, effected his escape in a prison system pickup truck and that the truck was later recovered near the city of Angleton.

Night Warden Stewart corroborated the testimony of McAdams.

A. C. Searcy testified that he had just returned from a drive

with Mrs. Sproles Carr to her home near the city of Angleton on the night in question; that as he sat in his automobile a pick-up truck stopped, and four men, one of whom was the appellant, ran up to his automobile; that two of them exhibited knives and two exhibited what appeared to be guns, forced Mrs. Sproles and her daughter in the automobile and commandeered the same. Stewart stated that because of fear for his life he accompanied the men to the airport and then to various other places in the area and that he last saw the appellant about midnight.

Mrs. Lella Sproles Carr corroborated Searcy's testimony and told of being held prisoner by the quartet for several hours while they broke into a hangar in their efforts to steal an airplane and later burglarized a hardware store, from which they stole a number of guns.

The appellant was recaptured sometime later in the state of Illinois.

The appellant did not testify in his own behalf but endeavored by certain witnesses to raise an issue as to his identity.

We find the evidence sufficient to support the conviction.

No formal bills of exception appear in the record, and there are no informal bills which may be considered under our holdings in Greenwood v. State, 157 Texas Cr. Rep. 58, 246 S.W. 2d 191, and Martinez v. State, 157 Texas Cr. Rep. 91, 246 S.W. 2d 633.

Prior to the submission of this case on appeal in this court, we received a demand from the appellant that he be allowed to appear personally before this court in order to argue his case. In answer to such demand, we issued the following order:

"Appellant is an inmate of the penitentiary.

"This appeal from a life sentence for robbery has been set for submission, and appellant has demanded that he be permitted to personally appear and present oral argument.

"It appears from the record that appellant declined to accept court-appointed counsel and that his demand that he be permitted to conduct his own defense was granted.

"It appears that the right guaranteed to an accused by Art.

1, Sec. 10, of the Constitution of Texas: 'he shall have the right of being heard by himself or counsel or both' was accorded appellant in the trial court.

"The constitutional right to be heard in person has reference exclusively to trial courts and does not mean that the defendant has a right to be brought personally before the Court of Criminal Appeals. Tooke v. State, 23 Cr. App. 10, 3 S.W. 782; Cooley's Constitutional Limitations, 4th Ed. 412.

"Art. 814 C.C.P. provides that the defendant need not be personally present upon the hearing of his cause in the Court of Criminal Appeals, but if not in jail he may appear in person.

"The punishment assessed against appellant, as well as the fact that he is an inmate of the penitentiary under a prior conviction, will prevent his personal appearance before this Court, and he will not be granted the right to personally present oral argument.

"If appellant desires to do so, he may forward written argument for the consideration of the Court and, if requested, additional time will be afforded him to prepare such writing.

"Appellant's demand that he be brought from the penitentiary and allowed to present oral argument on this appeal is denied."

Appellant requested additional time, which was granted, and he has filed a lengthy brief herein in which he complains about a great many things, none of which are properly before us for review. We do, however, take note of appellant's claim that he was forced to trial without counsel. In answer to such claim, we quote from the statement of facts approved by the appellant:

"APPEARANCES:

"For the State: Mr. Sam Lee, District Attorney for Brazoria County, Texas.

"For the Defendant: Robert Arthur Chick, Defendant representing himself.

"COURT: Mr. Robert C. Koonce, Attorney at Law, Angleton, Texas, has been appointed to represent the Defendant, Robert Arthur Chick, as he appeared without counsel before the bar.

"MR. CHICK: I will refuse him, sir.

"COURT: You think you can represent yourself?

"MR. CHICK: Yes, sir.

"COURT: You have had legal background and training?

"MR. CHICK: Yes, sir.

"COURT: You are satisfied you can do it without the assistance of counsel?

"MR. CHICK: Yes, sir.

"COURT: You desire to represent yourself?

"MR. CHICK: Yes, sir."

We have carefully examined the statement of facts and find that no inadmissible evidence was introduced against the appellant nor was he overreached in any way by the patient trial judge or by the attorney representing the state.

Finding no reversible error, the judgment of the trial court is affirmed.