ELMER HARDY V. STATE

No. 27,585. May 4, 1955

*R. E. Murphey,* Coleman, for appellant.

*W. E. Allen,* County Attorney, Coleman, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful sale of whiskey in a dry area; the punishment, a fine of $100 and sixty days' confinement in jail.

Hynd, an agent of the Texas Liquor Control Board, to whom it was alleged that appellant sold the whiskey, testified that the sale occurred at appellant's home and that no other person was present. In fact, the witness testified, "I was by myself," and answered affirmatively the question, "And Elmer Hardy (appellant) was alone?"

The appellant did not testify as a witness in the case.

Bill of Exception No. 9, which complies with the requirements of Fowler v. State, (page 30, this volume), 274 S.W. 2d 705, certifies that state's counsel stated in his argument to the jury the following:

"No evidence herein to show that this *deft* did-nt make this sale — this S*u*day morning-"

Appellant's objection that the argument was a reference to the failure of the appellant to testify was overruled.

This was a direct reference to the failure of the appellant to testify and violative of Art. 710 C.C.P. See, also, Fowler v. State, supra.

The conclusion expressed as to the variance between the complaint and the information in the case of Hardy v. State, No. 27,586 this day decided, 279 S.W. 2d 345, is here applicable. For the reasons stated, the complaint and the information are sufficient.

Because of the erroneous argument, the judgment is reversed and the cause is remanded.