EDWARD CARROL OWENS V. STATE

No. 29,013. May 8, 1957.

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The state's evidence shows that the appellant was stopped and arrested by State Highway Patrolmen Beggs and Menton while driving an automobile on a public street in the city of Corpus Christi.

Patrolman Beggs testified that he stopped the appellant after following the automobile he was driving for approximately three blocks and observing that it was exceeding the speed limit and being driven on the left side of the road; that after he stopped the appellant he could smell alcohol on his breath and from the manner in which appellant walked and talked expressed his opinion that appellant was drunk. Patrolman Beggs further testified that from the scene of the arrest he took appellant to Memorial Hospital for a blood test and that after appellant had signed a written consent, a sample of his blood was taken and put in a vial which was then sealed and identified and that he then took the vial to the Adler Medical Laboratory and placed it in a box beside the door.

Patrolman Menton by his testimony substantially corroborated that of Patrolman Beggs and expressed his opinion that the appellant was intoxicated.

It was further shown that the results of a test made at the Adler Medical Laboratory of the blood sample taken from the appellant showed that its blood alcohol determination was .20 grams per hundred c.c.'s of blood. Dr. John Pilcher testified that a person with such a percentage of alcohol in his blood would be intoxicated.

As a witness in his own behalf appellant admitted that prior to his arrest he had two drinks of vodka but testified he was not intoxicated.

The jury chose to accept the evidence offered by the state and reject that of the appellant and we find the evidence sufficient to sustain their verdict.

The record contains certain informal bills of exception however no brief has been filed on behalf of appellant.

Numerous bills present appellant's objections to the state's testimony relative to the taking of the blood sample and the testimony showing the results of the test. Appellant's objection to the testimony was on the ground that he was under arrest when the blood sample was taken and was not given the statutory warning applicable to confessions before executing the written consent to take the blood specimen. No error is shown in these bills as it has been held that the confession statute has no application to the obtaining of consent to the taking of a blood specimen for analysis. Brown v. State, 156 Texas Cr. Rep. 144, 240 S.W. 2d 310 and Heath v. State, 156 Texas Cr. Rep. 563, 244 S.W. 2d 815.

Appellant's objections to the argument of state's counsel have been considered. The entire argument of both counsel for the state and appellant is before us. It appears that the argument to which appellant objected was either supported by the record or was invited and in reply to argument of appellant's counsel; hence, no error is shown.

We have considered appellant's other informal bills in the record and are of the opinion that they do not show error.

The judgment is affirmed.

Opinion approved by the Court.