WOODARD LEE KINNEBREW V. STATE.

No. 30,596. April 29 ,1959.
Motion for Rehearing Overruled June 10, 1959.

DAVIDSON, Judge, concurred.

*M. Gabriel Nahas, Jr.,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Wallace C. Moore,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is aggravated assault by an adult male upon a female; the punishment, two years in jail and a fine of $1,000.

The evidence from the state's viewpoint shows that the seventeen-year-old girl named in the complaint and information was a prostitute who had entered into an agreement with appellant to enter a house of prostitution.

The girl had gone from Houston to Port Arthur with appellant's wife, in furtherance of the agreement, where they plied their trade for some four days and returned to Houston.

The girl testified that she was taken by appellant and his wife to a club where she met her mother; as she started to leave with her mother appellant said she belonged to him and she was forcibly put in an automobile and taken to the appellant's apartment. Arriving there, appellant slapped her and knocked her down on the bed and put his hand on her throat and said: "This will learn you. * * * You belong to me now and you take orders from me and no one else." He then whipped her across the buttocks with a wire coat hanger leaving bruises that were visible four days later.

The two prostitutes returned to Port Arthur the next day and resumed their vocation, but the prosecuting witness got in touch with her mother by telephone and officers who had been notified by the mother took her into custody until her mother came for her.

Appellant did not testify.

Appellant complains of the evidence as to the agreement between appellant and the girl that she work in a house of prostitution, and her testimony that she did so.

The evidence was pertinent and tended to prove and explain the motive for the assault. Prior relationship between the accused and the assaulted party is ordinarily pertinent and admissible though it also tends to show a collateral offense. Bruno v. State, 163 Texas Cr. Rep. 540, 295 S.W. 2d 211.

Complaint is made as to the girl's testimony that, on the same night and after appellant whipped her, appellant's wife assaulted her. She testified in this connection that appellant "told her to take care of me. * * * so she took me in the bedroom, then she beat me in the face with her fist."

We find no error in the admission of this portion of the transaction appellant being a party thereto.

The remaining complaints relate to remarks of counsel for the state in the closing argument to the jury.

There are no bills of exception found in the record relating to jury argument approved by the trial judge. The trial judge has not been afforded the opportunity to "require the bill of exception to reflect any reason whereby the argument complained of would not be error," as provided in Art. 667 as amended in 1953. (Art. 667 V.A.C.C.P.)

There has been filed in the trial court and in this court a transcript of the closing argument for the state, showing objections made and motions to strike certain remarks and for mistrial, the rulings of the court and appellant's exceptions thereto. It is not approved by the trial judge.

The agreement signed by counsel for the state and appellant's counsel reads: "It is hereby agreed that the foregoing 15 pages of typewritten matter contain a true and correct statement of the state's closing argument to the jury upon the trial."

The question is raised as to whether the transcript of the closing argument so agreed to by counsel, timely filed, constitutes a separate statement of facts or an informal bill of exception to argument under Section 2 of Art. 759a V.A.C.C.P. (1955 amendment) which reads, in part:

"(c)   In like manner as hereinbefore provided in this Section, the defendant may reserve in the Statement of Facts, or by informal Bill of Exception, objection to argument of State's counsel, motion to withdraw testimony, or ruling of the trial court made during the trial of the case."

Since the effective date of this amendment, this court has not, to the writer's knowledge, reversed a conviction for improper jury argument without a bill of exception approved by the trial judge. We have, on occasion, stated that *no effort was*

*made* to reserve objection to argument in the statement of facts. Eldredge v. State, 162 Texas Cr. Rep. 282, 284 S.W. 2d 734; Sandoval v. State, 162 Texas Cr. Rep. 370, 285 S.W. 2d 222; Bridges v. State, 166 Texas Cr. Rep. 556, 316 S.W. 2d 575.

In Owens v. State, 164 Texas Cr. Rep. 613, 301 S.W. 2d 653, the entire argument was before us and we considered the objections thereto and found no error. The opinion does not reveal but the record shows that the trial judge approved, as a bill of exception to the complained of remarks, a transcript of all arguments and certified:

"and the Court having examined this record finds the same to be a full, true, and correct transcript of the Arguments to the jury in this cause together with a verbatim transcript of all objections, remarks, replies, rulings and exceptions in connection therewith, and the same is by the Court approved and may be refiled as the Arguments in this cause, and the objections, replies, remarks, rulings, and exceptions as contained herein. are approved as and for bills of Exception."

The instrument filed herein is denominated "State's closing argument to the Jury." The writer is aware of no authority for construing it to be a statement of facts.

Recent cases listed under Rule 372, Note 14, R.C.P. show that a certification by the trial judge is required in order to successfully complain of improper argument in civil cases.

The present Code of Criminal Procedure does not in terms define "Statement of Facts." Aside from the provisions of Art. 759a relating to the statement of facts which is to be sent up with the record in every case, Section 6 provides for a statement of facts relating to any *motion* heard in the case "but the facts adduced in connection with any *motion* filed shall be filed * * * separately from the facts adduced bearing upon the guilt or innocence of the defendant."

It is apparent that jury argument comes under neither "facts adduced bearing upon the guilt or innocence of the defendant" nor "the facts adduced in connection with any motion."

I conclude (1) that the transcript of the closing argument agreed to and filed separately but not approved by the trial judge does not constitute a separate statement of facts under Art. 759a V.A.C.C.P.; (2) that complaint to remarks of counsel

shown in a transcript of the argument are not properly before this Court for review unless approved by the trial judge after he has been afforded opportunity to comply with Art. 667 V.A.C.C.P. to "require the bill of exception to reflect any reason whereby the argument complained of would not be error."

If, as the majority hold, the question of improper argument is properly before us, the complained of remarks were based upon evidence which we have found in this opinion was admissible and no reversible error appears.

The evidence sustains the jury's verdict and no reversible error appears.

The judgment is affirmed.

MORRISON, Presiding Judge, DAVIDSON Judge, (concurring).

We concur in the affirmance of this case because we find no reversible error in the argument. We do not, however, entertain any doubt that the argument is properly before us for consideration. Since the enactment of Subsection (c) of Section 2 of Article 759a, V.A.C.C.P., in 1955, an informal bill of exception to argument may be reserved in a statement of facts. See Eldredge v. State, 162 Texas Cr. Rep. 282, 284 S.W. 2d 734; Sandoval v. State, 162 Texas Cr. Rep. 370, 285 S.W. 2d 222; Owens v. State, 164 Texas Cr. Rep. 613, 301 S.W. 2d 653; and Bridges v. State, 166 Texas Cr. Rep. 556, 316 S.W. 2d 757. We have neither the authority nor desire to deny to the appellant that which the legislature has by statute given to him.