JOE KEITH WELLS v. STATE.

No. 30,634. May 6, 1959.
Motion for Rehearing Overruled June 17, 1959.

WOODLEY, Judge, concurred.

*M. Gabriel Nahas, Jr.,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of marijuana; the punishment, seven years.

After two police officers of the city of Houston observed the appellant riding alone in an automobile which he was operating at an excessive speed, they pursued him, saw him run a stop sign and later observed that he had cut off his lights and was driving without them and brought him to a halt. A search of appellant's automobile revealed a partially smoked hand rolled cigarette on the floor board on the driver's side, a bottle containing capsules in the glove compartment, and an empty vial in his shirt pocket; and later at the police station they removed certain dustings from the pockets of his shirt.

The testimony of a chemist showed that the cigarette contained marijuana, a narcotic drug; and that there were a few particles of marijuana mixed with tobacco in the dustings.

Appellant testifying in his own behalf admitted that he may have been speeding when the officers first saw him, but denied running a stop sign; and that while he was standing beside his car with one officer, the other opened a door, picked up something, and "I *ask* him what he had and he said it looked like marijuana." He denied that he had possession of any marijuana when the officers stopped him or that he knew there was any in the car, and that he didn't see any dustings removed from his shirt pocket.

Appellant urges error because of the court's refusal to in-

struct the jury to disregard the testimony showing the finding of the bottle containing capsules in the glove compartment of his automobile, and further because of the court's refusal to grant a mistrial on the same ground.

There is other testimony in the record, without objection, about the bottle of capsules. However, the bottle was never introduced in evidence or exhibited to the jury and the nature of the contents was never shown. No error is reflected.

The record before us shows that at the time the argument was made, upon which appellant seeks a reversal, the trial court called attention to the fact that such argument was in answer to appellant's argument. There is nothing in the record before us which would authorize us to reach a contrary conclusion.

The evidence is sufficient to support the conviction, and no reversible error appearing the judgment is affirmed.

Opinion approved by the Court.

WOODLEY, Judge, (concurring).

There is no bill of exception to argument approved by the trial judge.

The complaint to argument is shown in a transcript agreed by attorneys for the state and for appellant to be "a full and correct transcript of the opening and closing arguments by the State."

There is no certification by the trial judge regarding the complained of remarks, and no agreement of counsel regarding any objection made or the court rulings in connection with argument.

My views upon the necessity of affording the trial judge the opportunity to comply with Art. 667 V.A.C.C.P. are set out in Kinnebrew v. State, No. 30,596. (Page 198, this volume). 324 S.W. 2d 554.