ALFREDO PRUNEDA V. STATE.

No. 31,169. December 9, 1959.

*Pope & Pope,* by *John A. Pope, III,* Rio Grande City, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault; the punishment, a fine of $100.00.

The injured party, Castillo, a 54-year-old-man, testified that he went to a certain cantina on Sunday afternoon for the purpose of drinking beer but that the appellant, also a patron of the cantina, hit him in the mouth with a beer bottle, that he fell to the floor at which time the appellant kicked him, that he became unconscious and was later carried to the hospital, where the doctor took ten stitches in his arm and four in his face. He further testified that he was unable to work at the time of the trial because he felt tired and weak.

Dr. Ramirez testified that he treated the injured party for a large laceration in the lip that went "through and through," for multiple lacerations on his arm and for a contusion in the chest, that he sutured the lip both inside and out and discharged him from the hospital on the third day. As to the nature of the injury, he said, "In my opinion, when a man suffers wounds of the head which may cause lacerations to the extent that this man sustained, I think he was suffering from serious injury."

The bartender testified that when appellant hit the injured party with the beer bottle it broke. He also testified to certain facts which indicated that the injured party had been the aggressor.

Appellant, aged 38, testifying in his own behalf, stated that he acted in self defense.

The injured party was called in rebuttal and denied that he did or said anything to cause appellant to strike him.

The jury, under appropriate instructions, rejected the defense of self defense and we find the evidence sufficient to sup-

port their verdict. Recently in Owens v. State, (page 88, of this volume), 323 S.W. 2d 260, we said "We have been cited no authority, nor are we aware of any which holds that self defense is established as a matter of law."

We hold the doctor's testimony quoted above to be sufficient to show that serious bodily injury was inflicted upon the person of the injured party.

Art. 1139, V.A.P.C., provided that the intent to injure shall be presumed where violence has been inflicted.

Finding no reversible error, the judgment is affirmed.