FELO SCOTT V. STATE

No. 32,404.  November 16, 1960

■■■■■■■■■■■

WOODLEY, Judge, concurred.

DAVIDSON, Judge, dissented.

*Jack W. Knight,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Lee P. Ward,* Assistants District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, 20 years.

Appellant and one Jackson were told to leave a drinking establishment because they were arguing; soon thereafter a shot was fired and LaBome, the deceased, was found lying in a pool of blood.

Officer Hruzek, who investigated the killing, testified that he went to appellant's home and asked for the weapon he had used in the shooting; appellant got it from a drawer and said, "I meant to shoot Jackson but I shot Poncho instead." It was shown that the weapon which appellant gave the officer was the weapon which fired the fatal bullet.

Appellant did not testify in his own behalf, but called his brother, who testified that Jackson was approaching appellant with a knife in his hand at the time appellant fired the shot which somehow hit Poncho LaBome instead of Jackson.

Officer Hruzek was called in rebuttal and testified that no such person as appellant's brother was in the vicinity on the occasion in question.

It was shown that a written confession was made by appellant later that day, but the state did not elect to offer it in evidence.

The sufficiency of the evidence to support the conviction is not challenged, and the sole question presented by the brief relates to conduct and statements made by the prosecutor during the argument of appellant's counsel. We quote the entire transaction which appellant contends reflects error:

"APPELLANT'S COUNSEL (MR. KNIGHT) : * * * we de-

veloped by several State's witnesses, the officers in question, that this Defendant signed a so-called confession, which confession remains the property of the State of Texas, District Attorney's Department, and they haven't chosen to introduce that in evidence * * * .

"MR. WARD (Prosecutor) : If Mr. Knight wants it introduced, we will allow him to introduce it at this time as a Defense exhibit, Your Honor.

"MR. KNIGHT: May it please the Court, we move for a mistrial on the basis of Counsel's comment, challenging the Defendant to introduce the statement when it is the State's confession taken from him in which they have not introduced.

"THE COURT: Well, the Jury will disregard the State's comment, and the answer and the reply.

"MR. KNIGHT: Exception to the Court's ruling, Your Honor.

"THE COURT: Yes sir.

"MR. KNIGHT CONTINUES: At any rate, now they are hollering for us to introduce what they took with their skilled Police Department, intending some day to present to a Jury down here but they didn't do it, and you will go back in this Jury room trying to decide this man's fate without the benefit of the confession that he gave within minutes, or hours at the most, after this happened, and down there where they had every favorable means to take his confession. Now, you can make up your mind what should have been done with that confession, and I say that they are suppressing evidence when they fail to put it before you and * * *.

"MR. WARD: Your Honor, if the Defendant is going to continue I am going to object to it, and I feel that we do have a right to allow him to offer it under the law.

"MR. KNIGHT: We once again object to the remarks of the District Attorney, if the Court please, and move for a mistrial for the reason that we are in a proper line of argument and the District Attorney now is challenging the Defendant to introduce the confession taken by the State without even having examined it, and for that reason we move the Court for a mistrial because of the prejudice and harm of the District Attorney's remarks.

"THE COURT: All right, the Jury will disregard the District Attorney's remarks for any purpose, and please, both Counsel, do not testify. Let's proceed, gentlemen."

It is apparent from the foregoing that the offer made by the prosecutor was in reply to statements made by appellant's counsel and therefore not reversible error.

Reliance is had upon Howard v. State, 147 Tex. Cr. Rep. 88, 178 S.W. 2d 691, but we do not find the same here controlling because in that case the offer to call the witness was tantamount to the prosecutor saying that such witness would affirm the fact that the accused was out dancing with a Mexican woman within five days after the death of his wife, while in the case at bar the offer of the prosecutor made no allusion to what was contained in the confession but merely tendered the same to opposing counsel after counsel had commented on the state's failure to introduce the same.

In Nix v. State, 136 Tex. Cr. Rep. 240, 124 S.W. 2d 386, counsel for the accused in his argument posed the question as to why the State had not brought a certain witness in to testify. In reply, the prosecutor said that they would bring in the witness and tender him to the accused. This court held such reply to have been invited by argument of defense counsel.

See also 1 Branch's Ann. P.C., 2nd Ed., Sec. 383, p. 403; Gaskin v. State, 119 Tex. Cr. Rep. 223, 120 Tex. Cr. Rep. 152, 46 S. W. 2d 957; Johnson v. State, 141 Tex. Cr. Rep. 175, 147 S.W. 2d 811; Ross v. State, 153 Tex. Cr. Rep. 312, 220 S.W. 2d 137; Andrews v. State, 163 Tex. Cr. Rep. 81, 289 S. W. 2d 262; Musser v. State, 321 S.W. 2d 882, and cases there cited.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

WOODLEY, Judge, (concurring).

I would affirm the conviction because the complained of conduct of the prosecuting attorney is not presented to this court for review in any manner authorized by law.

No bill of exception appears in the record.

Appellant relies solely upon Art. 759a, Sec. 2c, V.A.C.C.P., as

amended in 1955, which provides: "In like manner as herein provided in this Section, the defendant may reserve in the Statement of Facts, or by informal Bill of Exception, objection to argument of State's counsel, motion to withdraw testimony, or ruling of the trial court made during the trial of the case."

The complained of conduct of the prosecuting attorney is shown only in a transcript which is agreed to by counsel for the defendant and for the state as containing "a full, true and correct transcript of all of the arguments to the jury by both the state and defense counsel had upon the trial of the above numbered and styled cause * * * ."

A majority of this court has held that such a transcript of the arguments comes within the purview of Section 2c providing that objection to argument of state's counsel may be reserved in the statement of facts, and the approval of the trial judge is not required. See Kinnebrew v. State, 167 Tex. Cr. Rep. 324 S.W. 2d 544.

It does not follow that the error here complained of is before us for review.

The complained of remarks and conduct did not occur during argument of state's counsel, but while defense counsel was addressing the jury, hence does not come within Section 2c relating to "objection to argument of state's counsel." Objections to the remarks and conduct of counsel for the state in interruption of argument of counsel for the defense are not among the objections which may be preserved by informal bill under Art. 759a V.A.C.C.P. This is especially so where attempted to be reserved in a transcript of evidence or argument other than the statement of facts on the trial before the jury.

If it be contended that error in the court's ruling on the interruption during argument may be raised by a transcript of the arguments showing such interruption, and the remarks of counsel for the state in connection therewith, the record before us does not present such claim of error. This is true, first because there is no certification by the court or agreement of counsel that the matters occurred or that objection was made or that the court ruled thereon, and second because the only rulings which the transcript shows the trial judge made were his instructions to the jury to disregard the matter.

If the complained of conduct of counsel for the state is before

us for review, it was improper and cannot be excused upon the theory that it was invited by the argument of defense counsel which it interrupted.

Counsel for the defendant had the right to comment upon the state's failure to introduce a statement which the evidence showed had been made shortly after the killing. It was evidence available to the state, but not to the defense. Counsel for the state did not offer to introduce the statement, but to "allow" it to be introduced as a defendant's exhibit.

The interruption was repeated after the jury had been instructed to disregard the comment. Appellant thereafter sought the opportunity to have the statement or confession of the defendant made a part of the record on appeal, but it was denied him.

DAVIDSON, Judge, (dissenting).

My brethren agree that this case should be affirmed.

Morrison, Presiding Judge, predicates his conclusion upon the proposition that the conduct of state's counsel in replying to statements of appellant's counsel was attributable to such statements, and therefore did not constitute reversible error.

Woodley, Judge, concludes that the misconduct of state's counsel, although reversible error, is not before this court for determination.

I do not agree with the conclusion of either of my brethren. I am convinced that the question of misconduct by state's counsel was properly before this court and that reversible error is reflected by this record.

As suggested by Woodley, Judge, the complained-of conduct "was improper and cannot be excused upon the theory that it was invited by the argument of defense counsel which it interrupted."

This appellant ought not to go to the penitentiary for twenty years when an error was committed upon his trial, as found by two judges of this court.

I dissent.