LEONARD LYTTON LOOKABAUGH, JR. V. STATE

No. 33,755.   November 22, 1961
State's Motion for Rehearing Overruled January 10, 1962

WOODLEY, Presiding Judge, dissented.

*William O. Braecklein,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Paul French, O. H. Harris, John Rogers, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated: the punishment, 3 days in jail and a fine of $50.00.

In view of our disposition of this case, a recitation of the facts will not be deemed necessary other than to observe that there is no evidence in the record that appellant had ever before been convicted of any offense.

In his argument to the jury, appellant's counsel urged them to acquit appellant because if they convicted him it would mean that he had to go to jail and that such fact would ruin his life.

In his closing argument, the prosecutor said, "It's a reasonable deduction, since he went into this, that this isn't the first time this man has been in jail." After the motion for mistrial was overruled, the prosecutor continued, "You are not going to degrade him and you're not going to ruin his life. I can't go any further. I have been overruled on that."

As stated, we find nothing in the record to authorize the "reasonable deduction" of the prosecutor that appellant had prior to the commission of this offense been confined in jail on other charges. The testimony reflected no prior confinement in jail. The purpose of argument is to assist the jury in properly analyzing the evidence and arriving at a verdict based on the evidence alone. By this unsworn statement, the prosecutor got before the jury evidence which was outside the record and extremely harmful to accused. We have consistently held that such conduct constitutes reversible error. See Kirk v. State, 159 Tex. Cr. Rep. 124, 261 S.W. 2d 721; Gonzales v. State, 159 Tex. Cr. Rep. 108, 261 S.W. 2d 577, and the cases there cited.

For the error pointed out, the judgment is reversed and the cause is remanded.

WOODLEY, Presiding Judge (dissenting)

The sole ground for reversal presented is predicated upon the court's refusal to declare a mistrial during the closing argument of counsel for the state because said counsel argued:

"The other statement that I don't think he need to say, 'That you're going to ruin this guy's life by putting him over here in the jail.' It's a reasonable deduction since he went into this that this isn't the first time this man has been in jail."

The trial judge sustained appellant's objection and instructed the jury to disregard such remarks, but overruled appellant's motion for mistrial.

Appellant's counsel, who the evidence shows was the roomate of the appellant's in their school days, had argued: "Make no mistake about the fact that you have ruined his life if you find him guilty because he has to go to jail. It's not like — a murder without malice case where you can give him a suspended sentence, You've got to put him in jail and you've got to destroy him. * * *" This appeal, in effect, represented to the jury that appellant had not previously served time in jail for an offense.

If in fact the appellant had served one or more jail terms, it is apparent that the jury would have been misled by the argument that the jury would ruin his life if they convicted him because he would have to go to jail. On the other hand, if appellant had not served time in jail for an offense, the remarks complained of would be so prejudicial as to require that a mistrial be ordered.

There are no formal bills of exception. If the objection to argument of state's counsel is before us at all, it is by informal bill of exception under Art. 759a, Sec. 2c, V.A.C.C.P.

Art. 667 C.C.P., as amended in 1953 (Art. 667 V.A.C.C.P.) relates to informal as well as formal bills of exception. It provides in part that where by the argument complained of some new fact is thereby injected into the case the trial court, by qualification or otherwise, may require the bill of exception to reflect any reason whereby the argument complained of would not be error.

The trial judge does not appear to have been given the opportunity to require the record presentd as an informal bill to

reflect "any reason whereby the argument complained of would not be error", as required by said Art. 667 V.A.C.C.P. He did not approve the transcript of the argument.

The motion and amended motion for new trial are silent as to any error in the argument or in the overruling of the motion for mistrial.

This case, I think, demonstrates the correctness of the views I expressed in Kinnebrew v. State, 168 Tex. Cr. Rep. 198, 324 S.W. 2d 554, 556, and in Wells v. State, 168 Tex. Cr. Rep. 228, 324 S.W. 2d 860. The presumption is that the trial judge ruled correctly when he declined to order a mistrial during the closing argument.

I would affirm the conviction.