#### LEROY SMITH V. STATE

No. 33,876. January 3, 1962
Motion for Rehearing Overruled February 14, 1962

*W. E. Martin, Chas. F. Tucker* and *Chas. A. Tucker,* all of Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr.,* and *Erwin G. Ernst,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is murder with malice, with punishment of life confinement in the penitentiary as a second offender.

When this case was previously before this Court, it was reversed for jury misconduct. It is reported in 169 Texas Cr. Rep. 315, 333 S.W. 2d 385.

Following the reversal of this case, the appellant was reindicted, alleging in addition to the primary offense a prior conviction for murder in Louisiana.

No material benefit would be derived from summarizing the testimony of the witnesses individually. There is no dispute in the fact that at approximately 1:45 or 2:00 o'clock A.M. on the morning of February 22, 1959, just outside the Happy Day Tavern, the appellant shot and killed Johnny Rogers with a .32 caliber pistol, and the appellant admitted while testifying as a witness in his own behalf that he had been previously convicted of murder in the State of Louisiana, as alleged in the indictment.

Appellant's defense was self-defense. An eye witness in behalf of the state testified the deceased was not armed and was attempting to persuade the appellant to go home from the tavern where the difficulty arose. The appellant and several witnesses appearing in his behalf stated that the deceased was attempting to cut the appellant with a knife or some shiny object at the time the

appellant shot and killed the deceased. The trial court fully charged on the law of self-defense.

The jury, after observing the witnesses and hearing them testify, resolved this conflict in the evidence against the appellant. We find the evidence sufficient to support its verdict. Appellant in brief and argument urges us to hold that the facts establish that he acted in his own self-defense. In Pruneda v. State, 168 Texas Cr. Rep. 510, 329 S.W. 2d 886, this Court said: "We have been cited no authority, nor are we aware of any which holds that self-defense is established as a matter of law."

The record on appeal contains no formal bills of exception nor objection to the court's charge.

Appellant makes two contentions upon which he relies for reversal. His first contention is that the State's counsel injected error into the record when he was questioning the court reporter, who prepared the record at the former trial, and asked him if he prepared the record for this case, *on appeal*. It is noted that at various stages during the trial of this case, witnesses for both the State and appellant were sought to be impeached by use of the statement of facts as prepared by the court reporter at the previous trial. To prove up such statement of facts and to account for the absence of the death weapon, the court reporter on the previous trial was called as a witness by the State. After the court reporter finished his testimony, appellant's counsel, having taken no objection to the testimony of the court reporter, then asked the court: "I would like to make a motion out of the presence of the jury." The jury was retired, and appellant's counsel made a motion out of the presence of the jury, asking for a mistrial, based upon the injection by the State into the record of the fact that another jury in another court had convicted the appellant, that he had already been convicted in this case. Appellant's counsel stated that he had not made an objection for the reason that he did not want to emphasize it before the jury. Later, the court instructed the jury that they were not to consider the question about the statment of facts taken of the previous trial of this case when it was on appeal, nor the answer, for any purpose whatsoever.

Appellant contends that the asking of the question was in violation of Article 759, V.A.C.C.P., in that it proved to the jury that he had been previously convicted in this same case by another jury. Article 759, V.A.C.C.P., provides:

"The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument."

The same contention was before this Court in Witty v. State, 75 Texas Cr. Rep. 440, 171 S.W. 229, and upon a parallel fact situation. There, a court reporter was testifying for the State to prove for impeachment purposes that he had taken and transcribed the testimony on a former trial of the same case. The admission of his statement that the copy of the testimony identified by him was the one filed in the Court of Criminal Appeals, thus disclosing defendant's former conviction, was cured by an instruction that such statement could not be considered for any purpose.

Appellant's contention is overruled.

Appellant's further complaints relate to the closing argument of the assistant district attorney. The closing argument for the State is brought forward, having been approved by counsel and the trial court. While brought forward by informal bill of exception, in view of the provisions of Section 2(c) of Article 759a, V.A.C.C.P., as amended, we have carefully examined the record. See Kinnebrew v. State, 168 Texas Cr. Rep., 198, 324 S.W. 2d 554. It is our opinion that the argument reflects no reversible error.

Finding no error, the judgment of the trial court is affirmed.