Gus E. **SHELTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 35212.

Court of Criminal Appeals of Texas.

April 10, 1963.

Rehearing Denied May 22, 1963.

M. Gabriel Nahas, Jr., Houston, King C. Haynie, Houston (on motion for rehearing only), for appellant.

Frank Briscoe, Dist. Atty., Carle E. F. Dally and Jon N. Hughes, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the punishment, 7 years.

Our two prior opinions are withdrawn, and the following is substituted in lieu thereof. In view of our disposition of the case, the facts will not be set forth. We overrule appellant's contention that the charge on accident as given by the court was erroneous and point out that where, as in this case, the defense is accident, there is no occasion to charge on negligent homicide. Beasley v. State, Tex.Cr.App., 346 S.W.2d 123, and Simmons v. State, 145 Tex.Cr.R. 619, 170 S.W.2d 742.

Our attention has now been directed to two portions of the argument of the prosecutor contained in the statement of facts. At one juncture, the prosecutor said, "He (appellant's son) knew his father well enough to know he had murdered this woman."

The objection that such constituted unsworn testimony of the prosecutor was overruled.

Thereafter, the prosecutor said, "He (appellant's son) knew what he (appellant) was capable of doing. He knew he was a dangerous and violent person."

The same objection was made and overruled.

In such ruling, the court was clearly in error, and such error requires a reversal of this conviction.

The second motion for rehearing is granted, the judgment of affirmance is set

aside, and the judgment is now reversed and the cause remanded.

## ON STATE'S MOTION FOR REHEARING

McDONALD, Judge.

This cause was reversed for improper jury argument.

■ The State points out in its brief that Presiding Judge Woodley is committed to the proposition that such complaint to argument is not properly before this Court unless certified by the trial court. Judge Woodley's views are reflected in: Kinnebrew v. State, 168 Tex.Cr.R. 198, 324 S.W.2d 554; Wells v. State, 168 Tex.Cr.R. 228, 324 S.W.2d 860; Lookabaugh v. State, 171 Tex.Cr.R. 613, 352 S.W.2d 279; Scott v. State, 170 Tex.Cr.R. 237, 340 S.W.2d 52.

The State also points out in its brief that Judge MORRISON is committed to the opposite view and suggests that inasmuch as the trial judge approved the transcript of arguments in Smith v. State, Tex.Cr.App., 353 S.W.2d 456, the writer had not written on the point presented in their motion for rehearing.

It is the State's contention that the informal bill is not sufficient for the reason that the statement of facts containing the arguments of counsel was not certified by the trial judge.

While it is true that the trial judge did approve the transcript of arguments in Smith, supra, he did not approve the transcript in Lookabaugh, supra. While the writer has only written on this question in Smith, supra, he did approve the opinion in Lookabaugh, supra.

It is the view of the writer that the amendment to Article 759a, Section 2(c), enacted by the Legislature in 1955, alleviates the necessity of the action of the trial judge in approving the statement of facts as set forth in Article 667, Vernon's Ann.C.C.P., which was last amended in 1953, and that we are bound by the terms of the 1955 amendment to Article 759a, as shown by Section 1, subd. E and Section 4 thereof.

The writer is convinced that the complained of argument is properly before us.

Accordingly, the State's motion for rehearing is overruled.