Stewart Grady MATHEWS, Appellant,

v.

The STATE of Texas, Appellee.

No. 61083.

Court of Criminal Appeals of Texas, Panel No. 2.

July 14, 1982.

Joe Edwin Naron, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Roberto Gutierrez, Asst.

Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, CLINTON and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

This is an appeal from a conviction by a jury for committing the offense of resisting arrest. See V.T.C.A. Penal Code, Sec. 38.03. Punishment was assessed by the trial court at 90 days in the county jail and a fine of $300, with the jail time ordered probated for one year.

Viewing the facts in the light most favorable to the verdict of the jury, they show that on the day in question, Houston police officers, Irby and Sherrouse,[1] were working "security" at Goofey's Game Room, located on Buffalo Speedway in Houston. After Irby and Sherrouse had arrested two persons[2] on the outside of the establishment, and were in the process of searching them, appellant appeared on the scene and began advising the two persons that Irby and Sherrouse's arrest and search of them were both unlawful. Irby twice warned appellant to leave the scene, but appellant failed to do so. Irby then informed appellant that he was under arrest. A struggle between Irby and appellant then occurred, with appellant thereafter being charged, tried and convicted for resisting his own arrest.

■ Appellant complains in his first ground of error that the paragraph of the information on which he was tried was fundamentally defective. Appellant made no complaint of the information until after both sides had rested. At that time he made an oral motion and argued that "the complaint fails to designate which officer was making an arrest during the course of the events complained of. Such failure being a fundamental error in that it fails to track the statute which specifically requires that it be alleged and proven."

The paragraph of the information on which appellant was tried provided:

The undersigned Assistant District Attorney further presents that in Harris County, Texas, STEWART GRADY MATHEWS, hereafter styled the Defendant, heretofore on or about June 4, 1977, did then and there unlawfully intentionally obstruct and prevent the arrest and search of the Defendant by use of force against J. B. Irby, hereafter styled the Complainant, knowing that the Complainant was a peace officer.

In *Jones v. State*, 606 S.W.2d 856 (1980), this Court upheld an information which is almost identical to the one in this cause. There, the information alleged in pertinent part that the defendant:

. . . did unlawfully then and there intentionally obstruct and prevent the arrest of Johnny Jones by use of force against J. M. Smith, who (sic) the said defendant knew to be a peace officer, by striking the said J. M. Smith . . .

This Court, on rehearing, with three judges dissenting without opinion, one judge concurring in the result without opinion, and one judge concurring in the judgment of the Court with opinion, held:

. . . The information here in question was apparently drafted in accordance with Branch's Texas Anno. Penal Statutes, Vol. 3, § 38.03, p. 112. It is not as good a form to follow as the one set forth in Morrison and Blackwell, New Texas Penal Code Forms, § 38.03, p. 59, but a common sense reading and construction of the information in the instant case would show that all of the elements of the offense are included, and the information is not fundamentally defective. The information charges that Jones did intentionally prevent or obstruct his own arrest by use of force against J. M. Smith by striking Smith whom he knew to be a police officer. This was sufficient. To the extent that *Guevara v. State*, 585

---

**1.** Irby was the named complainant in this cause.

**2.** At trial, Michael John Walton, one of the two persons, testified on appellant's behalf.

S.W.2d 744 (Tex.Cr.App.1979), is in conflict herewith it is overruled ... [3]

Based upon *Jones*, supra, appellant's ground of error is overruled.

Appellant next complains of parts of the jury argument made by the prosecuting attorney at the guilt-innocence stage of the trial.[4]

The jury arguments made by both counsel at the guilt-innocence stage of the trial were not recorded by the court reporter. However, after arguments were concluded, appellant's counsel dictated into the record statements which he claimed the prosecuting attorney had made in his jury argument. After the jury returned its verdict finding appellant guilty, counsel for appellant then had several witnesses, who had been seated in the courtroom during arguments, testify to specific parts of the prosecuting attorney's final jury argument.

Before deciding whether appellant's ground of error has merit, we must first determine whether it is properly before this Court for review.

■ We first observe that since the present Code of Criminal Procedure became effective on January 1, 1966, the case law of this State has required, in order to perfect or preserve error on appeal relating to jury argument of the prosecuting attorney, that 1) a defendant must have the entire jury argument of both the prosecuting attorney and the defense attorney transcribed and included in the record on appeal,[5] or 2) the defendant must satisfy the requirements for perfecting a formal bill of exception. See Art. 40.09, Sec. 6, V.A.C.C.P.; [6]

3. In *Guevara v. State*, Id., the information in that cause was also almost identical to the one here. As noted, *Guevara* was overruled in *Jones*, supra.

4. Appellant's ground of error reads as follows:
   "SECOND POINT OF ERROR
   "The final argument of the Prosecutor herein: (a) went outside the record, placing new and harmful facts before the jury that are neither in evidence nor inferable from the evidence; (b) appealed to economic class prejudices implying that Appellant should be denied equal protection of the laws; and (c) made an improper attack on the Appellant over the shoulder of his counsel."
   Though multifarious, we have been able to determine from the record to what appellant's complaints listed in his ground of error are directed.

5. Art. 40.09, Sec. 4, V.A.C.C.P., provided at the time of appellant's trial:
   At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments. He is not entitled to any fee in addition to his salary for taking these notes. A transcription of the reporter's notes when certified to by him and included in the record shall establish the occurrence and existence of all testimony, *argument*, motions, pleas, objections, exceptions, court actions, refusals of the court to act and other events thereby shown and no further proof of the occurrence or existence of same shall be necessary on appeal; provided, however, that the court shall have power, after hearing, to enter and make part of the record any finding or adjudication which the court may deem essential to make any such transcription speak the truth in any particular in which the court finds it does not speak the truth and any such finding or adjudication having support in the evidence shall be final. (Emphasis Added)

6. Art. 40.09, Sec. 6, V.A.C.C.P., provided at the time of appellant's trial:
   (a) A party desiring to have the record disclose some action, testimony, evidence, proceeding, objection, exception or other event or occurrence not otherwise shown by the record may utilize a bill of exception for this purpose. Bills of exception must be filed with the clerk and presented to the trial judge within ninety days after notice of appeal is given. The clerk shall notify the court of each bill immediately upon its being filed. The court shall either approve the bill without qualification or shall approve it subject to qualification or refuse it, setting forth in the qualification or refusal any reasons that may seem proper to the judge. Notice of the court's action in qualifying or refusing a bill shall be immediately given by the clerk to the party filing the bill or to his counsel, and such party, if unwilling to accept the court's qualification or refusal may not later than fifteen days after receipt of such notice, file a bystander's bill of exception, and the clerk shall include same in the record. A bill of exception will be deemed approved without qualification if it be not acted upon by the trial judge within a period of 100 days after notice of appeal is given and no extension of time for filing has been granted; provided, however, if an extension of time for filing has been granted, a bill of exception will be

*Cerda v. State,* 557 S.W.2d 954 (1977); *Nash v. State,* 486 S.W.2d 561 (1972); *Gasery v. State,* 465 S.W.2d 377 (1971); *Smith v. State,* 430 S.W.2d 496 (1968); *Holmes v. State,* 398 S.W.2d 121 (1966).

Appellant has unquestionably failed to invoke the "easy" way to perfect his error, as he failed to request the court reporter to take down and transcribe the jury arguments. Furthermore, there is a complete failure to show compliance with Art. 40.09, Sec. 6, supra, i.e., appellant also has failed to perfect a formal bill of exception.

As noted, the case law of this Court reveals that one way to preserve error relating to jury argument of the prosecuting attorney is for a defendant to simply have the court reporter record what occurred, and then later have the notes transcribed

and include the transcription in the record on appeal. However, that method is not all inclusive, for we also find by our research that a defendant may preserve error allegedly occurring during a prosecuting attorney's jury argument by use of a formal or informal bill of exception. 5 *Tex.Jur.2d,* Sec. 259 (1961 Ed.).

Nevertheless, whichever method is used, it is mandatory that the record be complete, and completeness of a record on appeal includes the showing that a timely and proper objection was made when the error allegedly occurred. Also, substance, rather than form, controls this Court's review of a ground of error raised on appeal. This doctrine of completeness is not new. For example, prior to the enactment of Art.

deemed approved without qualification if it be not acted upon by the trial judge within a period of 10 days after the actual filing of the bill.

(b) *A bill of exception shall be a necessary predicate for appellate review only if the matter complained of is not otherwise shown by the record as herein provided. Errors otherwise shown by the record may be reviewed on appeal without the necessity of any bill of exception.* If the date of filing with the clerk of any document in the record is shown by notation of the clerk thereon, no further proof of such date or of the fact of the filing of the document with the clerk shall be necessary. If the transcription of the reporter's notes or any court order or docket entry by the court shows the occurrence or existence of any particular action by the court or refusal of the court to act or any objection or exception or any other event, no further proof of the occurrence or existence of same shall be necessary.

(c) Formal exceptions to rulings on evidence, opinions or other actions of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling, opinion or action of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefore; and if a party has no opportunity to object to the ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him.

(d)(1) When the court refuses to admit offered testimony or other evidence, the party offering same shall as soon as practicable but before the court's charge is read to the jury be allowed, out of the presence of the jury, to adduce the excluded testimony or other evidence before the reporter, and a transcription of his notes showing such testimony or other evidence and any objections and exceptions of the party offering same shall, when certified to by the reporter and included in the record, establish the nature of such testimony or other evidence, and the objections and exceptions made in connection with the court's exclusion of such testimony or other evidence and no bills of exception shall be essential to authorize appellate review of the question whether the court erred in excluding such testimony or other evidence. The court, in its discretion, may allow an offer of proof in the form of a concise statement by the party offering the same of what the excluded evidence would show, to be made before the reporter out of the presence of the jury as an alternative method of causing the record to show such excluded testimony or other evidence, and in the event the record contains transcription of the reporter's notes showing such an offer of proof the same shall be accepted on appeal as establishing what such excluded testimony or other evidence would have consisted of had it been admitted into evidence.

(2) When testimony or other evidence has been excluded by the court over objection of the party offering same, no further offer of the same need be made to preserve the claimed error.

(3) When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence shall be admitted, then in that event such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of such objections being renewed in the presence of the jury. (Emphasis Added)

40.09, V.A.C.C.P., if a defendant complained on appeal that the prosecuting attorney commented in his jury argument on the defendant's failure to testify, this Court would look to see if the bill of exception recited that either the defendant did not testify or that there were no other persons present at the time of the commission of the offense. *Musgrove v. State,* 159 Tex.Cr.R. 571, 265 S.W.2d 820 (1954) (Overruled by *Fowler v. State,* 161 Tex.Cr.R. 30, 274 S.W.2d 705 [1955].) Reference would often be made to the transcription of the court reporter's notes, if properly before this Court, to make that determination. And this would occur even though the statutes in existence at that time did not contain any requirements as to the contents of the bill. See former Articles 667, 759a, and 760 of the 1925 Code of Criminal Procedure.

To emphasize, substance, rather than mere form, controlled. *Hunnicutt v. State,* 125 Tex.Cr.R. 100, 66 S.W.2d 696 (1934). However, as observed in some cases, the procedural hurdles enacted by this Court were not only difficult to overcome, but even caused disagreement between the members of this Court. See, for example, *Kinnebrew v. State,* 168 Tex.Cr.R. 198, 324 S.W.2d 554 (1959), where a majority of this Court held that the jury argument of the prosecuting attorney was properly before this Court by way of an informal bill of exception, "... an informal bill of exception to argument may be reserved in a statement of facts." *Kinnebrew,* Id., 324 S.W.2d at p. 556. See also, *Smith v. State,* 172 Tex.Cr.R. 79, 353 S.W.2d 456 (1962).[7] Although Judge Woodley authored the opinion in *Kinnebrew,* he disagreed with Judges Morrison and Davidson's conclusions that error had been properly perfected for review.

However, on January 1, 1966, when the present Code of Criminal Procedure became effective, it was thought by many persons that the many procedural pitfalls, which formerly existed, were laid to rest. Formal bills of exception, which were once *the* method used to perfect trial error for appellate review, have virtually ceased to be used, although on occasion this Court will still see a formal bill of exception. See *Seefurth v. State,* 422 S.W.2d 931 (1968).

One goal the proponents of the present Code of Criminal Procedure had, as stated by the then President of the State Bar, Hon. Leo Brewster, was to "Eliminate unnecessary, unjust and outmoded technicalities in favor of the State, as well as of the defendant." [8]

We believe that the Bench and Bar of this State have been given a code of criminal procedure sufficient to enable its members to function without the necessity of worrying over "procedural technicalities." Even with this "streamlined" procedure, we find that some of the provisions of the former Code of Criminal Procedure were retained, and are still available for use. See also, the well written article by Hon. Leon Douglas, a former member of this Court, entitled "Court's Charge, Submissions, Verdict and Punishment, Bills of Exception," Vol. 29, *Texas Bar Journal* 13 (1966).

Nevertheless, the requirement of completeness is still mandated. The rule or doctrine of completeness, as applied to Texas criminal procedure, means just that. If complaint is made before this Court, in order for that complaint to be properly considered, the record must be complete on the issue urged.

We will, in light of the above, determine if appellant's record on appeal is complete, and will also determine whether appellant

---

7. Though the cases are not exactly clear on what constitutes an informal bill of exception, it appears that at one time a *statement of facts* or the transcription of what the court reporter recorded during the trial of a criminal case was *the* informal bill of exception. E.g. *Kinnebrew,* supra; *Eldredge v. State,* 162 Tex.Cr.R. 282, 284 S.W.2d 734 (1955). Today, however, in common parlance an informal bill of exception refers to a specific part of the record, encompassing only that part of the transcription to which the defendant's complaint on appeal is directed.

8. See, Vol. 1, Vernon's Texas Statutes Annotated, Code of Criminal Procedure, p. XVI.

comes within the boundaries of Art. 36.20, V.A.C.C.P., which provided at the time of his trial the following:

The defendant, by himself, or counsel, may tender his bills of exceptions to any decision, opinion, order or charge of the court or other proceedings in the case; and the judge shall sign such bills of exceptions, under the rules prescribed in Article 40.10. The bills of exception may be in narrative form or by questions and answers, and no particular form of words shall be required. Where the matter about which complaint is made and the trial court's ruling thereon reasonably appear from any formal or *informal bill of exception,* same shall be considered upon appeal, regardless of whether or not the bill of exception is multifarious or relates to more than one subject, complaint, or objection. *Where the argument of State's counsel about which complaint is made in a bill of exception is manifestly improper, or violates some mandatory statute, or some new fact is thereby injected into the case, it shall not be necessary that the bill of exception negative that the argument was not invited, or in reply to argument of defendant or his counsel, or any other fact by which the argument complained of may have been authorized. If such matters exist, the trial court by qualification or otherwise, may require the bill of exception to reflect any reason whereby the argument complained of would not be error. The transcription of any evidence, testimony, or argument of State's counsel, with the objections made to such evidence, testimony, or argument, shall constitute an acceptable bill of exceptions under this Code.* (Emphasis Added).

Though our research concerning this Court's interpretation of Art. 36.20, *Id.,* has not revealed a single case exactly in point to our facts, nevertheless, in *Livingston v. State,* 531 S.W.2d 821 (1976), a case decided subsequent to the enactment of Art. 40.09, *supra,* this Court considered a claim of improper jury argument by the prosecuting attorney where the record on appeal only reflected a partial transcription of the court reporter's notes of the prosecuting attorney's jury argument. The Court, in its opinion, pointed out the following:

While the argument of counsel was not originally transcribed by the court reporter, an informal bill of exception made in the presence of the jury contains the prosecutor's closing argument as follows: (Thereafter, the part of the argument complained of is set out, together with the defendant's objection and the trial court's ruling.)

It, therefore, appears that in light of *Livingston v. State,* Id., there is at the present time a third alternative of how alleged error complaining of the prosecuting attorney's jury argument may be perfected for purposes of appellate review.[9]

■ We therefore find that appellant's complaints on appeal, regarding the prosecuting attorney's jury argument, do come within the provisions of Art. 36.20, *Id.* In particular, we find that appellant has satisfied the doctrine of completeness, in that the record reflects specifically what the prosecutor argued. By the terms of the statute, it is not necessary for the record to show that the argument was not invited or in reply to argument of appellant's counsel, or to show any other fact by which the argument complained of may have been authorized.

We also observe that at no time did the prosecuting attorney refute the statements of appellant's witnesses, nor did the trial judge state any qualification or disapproval of the testimony of the witnesses. Thus, appellant's complaints of what the prosecutor argued, as stated by the witnesses, stands uncontroverted before this Court.

9. In reaching this conclusion, we highly recommend to the next Legislature of this State that Art. 36.20, *supra,* be repealed, for we find that the provisions of Art. 40.09, *supra,* governing the recording of what occurs during the trial of a criminal case, are more than sufficient to enable a defendant to properly perfect any error for appellate review purposes which may have occurred during the trial of a criminal case.

When appellant's counsel questioned his witnesses, Blackwell and Walton, to establish that he objected to those parts of the prosecuting attorney's jury argument of which he complains on appeal, the record on appeal reflects that the substance of all of his objections, as revealed by the following questions and answers, are virtually identical.

Q: Did I object to that remark?

A: Yes, you did.

Q: Was I overruled by the Court?

A: Yes, you were.

To properly perfect his error regarding the prosecuting attorney's jury argument, it was mandatory on appellant to have the record on appeal show that he timely objected and that his objection was specific. *Hoover v. State*, 449 S.W.2d 60 (1969); *Kitchen v. State*, 437 S.W.2d 867 (1969); *Morris v. State*, 411 S.W.2d 730 (1967); *St. John v. State*, 427 S.W.2d 862 (1968); *Bowers v. State*, 414 S.W.2d 929 (1967); *Crawford v. State*, 412 S.W.2d 57 (1967); and *Piraino v. State*, 415 S.W.2d 416 (1967).

Here, the record on appeal does not reflect that appellant's counsel made specific objections to the parts of the prosecuting attorney's jury argument of which he complains on appeal. "It is axiomatic that an objection ... cannot be reviewed in the absence of any ground of objection." The objection, therefore, must specify the reason or ground for making the objection. *Spencer v. State*, 438 S.W.2d 109 (1969).

The reasons for the above rule, regarding making specific objections, is set forth in *Zillender v. State*, 557 S.W.2d 515, 517 (1977).

The generally acknowledged policies of requiring specific objections are two-fold. First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony.

Although we find that appellant has failed to properly preserve his claims of error regarding parts of the prosecuting attorney's jury argument, we will, nevertheless, review his contentions, as set forth in his above stated ground of error and as found in his brief.

■ We easily dispose of appellant's complaint going to his contention that the prosecuting attorney erred when he argued that if the jury found the appellant guilty, "that this jury was [also] going to be sitting in on the sentencing stage of the trial," because the record reflects that originally the jury *was* going to assess the appellant's punishment in the event appellant was found guilty. However, after the jury found appellant guilty, the appellant, with the consent of the prosecuting attorney, changed his election and requested that the trial court assess his punishment, which it did. See Art. 37.07, Sec. 2(b), V.A.C.C.P. The argument therefore was proper.

Appellant's contention that the prosecutor argued that appellant hired a "high-priced lawyer" is more troublesome. In support of his proffer, appellant called Thomas Gene Blackwell to testify, and Blackwell testified: "I heard the prosecutor say that the defendant's father apparently thought he [appellant] was guilty because he [the father] went out and hired a high-priced lawyer like Mr. Naron [to defend appellant]." Blackwell also testified that appellant's counsel objected to this remark of the prosecuting attorney, but the trial court overruled the objection. *The prosecuting attorney never refuted Blackwell's statement nor did the trial judge qualify or disapprove that the statement was not made in the form Blackwell stated it was made.* The statement, for review purposes, therefore stands uncontroverted.

■ Art. 36.20, supra, actually states the general rule as to when the prosecuting attorney's jury argument may constitute reversible error, that is, for reversible error to occur in jury argument it must be manifestly improper, or violates some mandatory statute, or some new fact harmful to the defendant's cause is thereby injected into the case. See *Walthall v. State*, 594 S.W.2d 74 (1980); *Thomas v. State*, 519 S.W.2d 430 (1975).

■ We first observe that the prosecuting attorney's above argument did not violate any mandatory statute. In determining whether the prosecuting attorney's jury argument was manifestly improper, or whether the argument injected some harmful new fact into the case, it is necessary to determine its probable effect on the jury. "The remarks must not only be improper, but they must be of such a nature as would be clearly calculated to prejudice the rights of [the] defendant." *Tweedle v. State*, 29 Tex.App. 586, 16 S.W. 544, 545 (1891). We conclude that the above argument of the prosecuting attorney, standing alone, was not sufficiently vicious or inflammatory to warrant reversal.

Appellant's version of the facts was basically that the officers became perturbed at him when he told the two persons the officers had arrested "to get their badge numbers." When questioned from whom he received this advice, "to get their badge numbers," appellant testified that his father so advised him after the appellant and others had been "manhandled" by other police officers on another and different occasion. Testimony was also adduced that appellant's father was an accountant employed by Tenneco Oil Company, and was assigned to a company location in the country of Nigeria. Appellant testified that the following was the only reason Walton was arrested: "Because I wanted him to call my father, call Mr. Blackwell to get a lawyer for me." The evidence showed that at the time of the offense appellant was 18 years of age, and a student at Schriener College. Appellant also testified that after he was released from jail his mother took him to a hospital for treatment of the injuries he said he sustained on the night in question.

■ We do not find, after carefully reviewing the record, that the above statement of the prosecuting attorney, especially in light of the statement of facts presented, could have had any influence upon the jury in arriving at their verdict in this cause.

To reverse in all cases where counsel fail to confine themselves to the record would render trials farces. There is hardly a case of any importance tried but that during the progress of the trial some unguarded expression is used by counsel upon either side. It would be a remarkable coincidence if this were not true. (*Tweedle*, Id., 16 S.W. at p. 545).

Also, "language which may be objectionable may be so illogical, fanciful or extravagant as to require a conclusion that it could not have influenced the jury in arriving at their verdict." *Brown v. State*, 353 S.W.2d 425 (1962). In light of appellant's plea of not guilty, appellant's testimony concerning the advice his father had given on a prior occasion, appellant's version of the facts of the case, and appellant's statement that he told Walton "to call my father, call Mr. Blackwell to get a lawyer for me," even had there been a proper objection, we do not find that the complained of argument had any influence upon the jury in arriving at their verdict in this case.[10]

■ We have also reviewed appellant's complaints in reference to the following arguments made by the prosecuting attorney:

If you find Grady Matthews guilty, you are affirming there is law for the rich and law for the poor.

That the conviction would be doing the young man a favor.

As to the first argument noted, in light of the evidence adduced, it is reasonable to infer that the prosecuting attorney properly argued that he did *not* want the jury to find the appellant guilty simply because his parents may have had the appearance of wealth, but instead wanted the jury to return a verdict of guilty solely on the basis of the evidence presented. As to the second argument, although the prosecuting attorney should never voice his opinion when

---

10. The statement of the prosecuting attorney, "that the defendant's father apparently thought he [appellant] was guilty because he [the father] went out and hired a high-priced lawyer like Mr. Narton [to defend appellant], without some sort of showing of what relationship appellant had with his father, is at best ambiguous. One could probably apply as many meanings to this statement as there are father-son relationships.

making his jury argument, see 3 Teague and Helft, Texas Criminal Practice Guide, Sec. 73.07[2][e], we conclude that the argument was, in essence, a plea for law enforcement, i.e., a request for the jury to find the appellant guilty. E.g., *Phillips v. State*, 511 S.W.2d 22, 29 (1974).

Finding no reversible error, the judgment is affirmed.

ODOM and CLINTON, JJ., concur in result.