Sherman Richard LEWIS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09-87-213-CR.

Court of Appeals of Texas, Beaumont.

Oct. 26, 1988.

Rehearing Denied Nov. 16, 1988.

Ed Wheeler, Pasadena, Don C. Smith, Smith, Hitt & Mescall, Baytown, for appellant.

Jerry E. Andress, First Asst. Dist. Atty., Liberty, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted of possession of a prohibited weapon by a jury which also assessed punishment at five years' confinement in the Texas Department of Corrections.

Appellant objects, in point of error one, that the following testimony of Barbara Lewis, appellant's wife, constitutes hearsay and was improperly admitted:

Q. Why did you show them that particular weapon, Mrs. [Lewis]?

A. I showed the Liberty County Sheriff's Department two weapons, because I was told that they were illegal.

. . . .

A. I was told that both guns were illegal.

The state, however, also elicited from Mrs. Lewis, the following testimony to which appellant raised no objection on hearsay grounds:

Q. Did he make any statements—state whether or not he made any statements concerning the legality of that particular gun.

A. He did mention that when he had—

[Defense Counsel]: Excuse me. Again, Judge, I'm going to object and reurge my motion that I requested be a running objection as to any testimony against this Defendant and urge the husband-wife privilege.

THE COURT: Overruled.

Q. (By the Prosecutor) You may answer the question.

A. To the best of my knowledge, I can remember him saying with the small barrel that the gun was illegal, with the smaller barrel.

Appellant's point is without merit for two reasons. First, Mrs. Lewis' testimony is not hearsay since it was not introduced to prove the truth of the matter asserted, *i.e.,* to show that the gun was an illegal weapon, but rather, to show why appellant's wife had brought the weapon to the attention of police. *TEX.R.CRIM.EVID. 801(d).* Second, even assuming Mrs. Lewis' state-

ment was improperly admitted, such error cannot be reversible since the same evidence was later admitted without objection. *Cain v. State*, 549 S.W.2d 707, 716 (Tex. Crim.App.), *cert. denied*, 434 U.S. 845, 98 S.Ct. 149, 54 L.Ed.2d 111 (1977). Point of error one is, thus, overruled. Appellant maintains, under point of error two, that the state's evidence is insufficient to show that he possessed the machine gun with the requisite intent. An appellate court, in reviewing the sufficiency of the evidence, must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim. App.1984); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984).

A person commits an offense if he intentionally or knowingly possesses a machine gun. *TEX.PENAL CODE ANN. sec. 46.06(a)(2)* (Vernon Supp.1988). A machine gun is defined as any firearm that is capable of shooting more than two shots automatically, without manual reloading, by a single function of the trigger. *TEX.PENAL CODE ANN. sec. 46.01(9)* (Vernon 1974). A person acts intentionally or with intent with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *TEX.PENAL CODE ANN. sec. 6.03(a)* (Vernon 1974). A person acts knowingly or with knowledge with respect to the nature of his conduct or to the result of his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonable certain to cause the result. *TEX. PENAL CODE ANN. sec. 6.03(b)* (Vernon 1974).

The evidence shows that appellant's wife called law enforcement authorities on the morning of July 16, 1986, to report a domestic dispute. Upon their arrival, she turned over a nine millimeter Uzi which she had hidden behind a bookshelf. Mrs. Lewis testified that appellant purchased the gun in July 1984 and that at the time of its purchase, appellant told her the gun "would shoot fast" and was illegal with the smaller barrel attached. She further testified that appellant collected guns and worked on guns by dissembling them and by filing and welding their various parts. He kept between twenty and fifty guns of various types in their house.

The state's firearm expert defined a semi-automatic weapon as one which fires one shot every time the trigger is pulled and an automatic weapon as one which fires multiple times with one pull of the trigger. He further testified that appellant's gun had been manufactured as a semi-automatic but later converted to a weapon also capable of firing automatically when the safety was set in an unmarked third position. When asked whether a person who collects, works on, files and welds guns would be knowledgeable enough to know that the gun in question was a machine gun, the expert replied, "I believe he should."

■ Thomas Brunson testified he gave appellant the gun in satisfaction of a debt in early 1985. Brunson testified that in the unmarked third position, the gun would fire twice, then jam, and that he probably told appellant about the third position. Brunson saw appellant fire the gun on one occasion. He further stated that the gun never shot more than two bullets at once. The two law enforcement officers who fired the gun were able to get the gun to fire as a machine gun in the unmarked position only once each. The gun usually fired twice, then jammed. The facts of this case are clearly sufficient to support the jury's finding that appellant was aware of the nature of his conduct. Point of error two is overruled.

In his third point of error, appellant complains that the trial court erred in allowing the state's attorney to exhibit a blackboard to the jury during his punishment phase jury argument because it demonstrated how the jury could apply parole law to appellant in arriving at its verdict. Appellant objected to use of the blackboard

which he described into the record before the state's argument, the trial court overruling appellant's objection. No record of the jury arguments appears in the statement of facts, however. As a result, this court is unable to ascertain whether the state's attorney did indeed use such a chart in its jury argument.

In order to perfect or preserve error on appeal relating to jury argument of the prosecuting attorney, a defendant must (1) have the entire jury argument of both the prosecuting attorney and the defense attorney transcribed and included in the record on appeal or (2) satisfy the requirements for perfecting a formal bill of exception. *Mathews v. State*, 635 S.W.2d 532, 535 (Tex.Crim.App.1982). Whichever method is chosen, the record on appeal must show that a timely and proper objection was made when the error allegedly occurred. *Id.* at 536. Appellant accomplished neither of these requirements, and his third point of error is accordingly overruled.

AFFIRMED.